United States District Court
Southern District of Texas
**ENTERED**
March 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ABRAHAM AJCAC GUACHIAC, § § | |
| Petitioner, § § | |
| vs. § | CIVIL ACTION NO. H-26-383 |
| § | |
| PAM BONDI, in her capacity as U.S. Attorney § General, *et al.*, § § | |
| Respondents. § | |

**TEMPORARY RESTRAINING ORDER**

Following the motion hearing held on March 2, 2026, the court issues the following order. This Temporary Restraining Order supersedes the Order, (Docket Entry No. 16), entered on February 27, 2026.

The respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them:

> (1) must facilitate the return of Ajcac Guachiac to the United States as soon as practicable, *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025); *see also Dcosta v. Warden of Immigr. Det. Facility*, No. 4:25-CV-06177, 2026 WL 74187, at *5 (S.D. Tex. Jan. 9, 2026);[1]

---

[1] The respondents argued that this court may order them only to facilitate Ajcac Guachiac's return if they had violated an existing court order. (Docket Entry No. 23 at 2). This court has the authority to "issue all writs necessary or appropriate in aid of" its "jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This includes the power to order the respondents to facilitate Ajcac Guachiac's "release from custody in [Mexico or Guatemala] and to ensure that his case is handled as it would have been had he not been improperly sent to [Mexico]," *Abrego Garcia*, 145 S. Ct. at 1018, without an opportunity to seek an immigration-judge review of the negative reasonable fear determination. Ajcac Guachiac is entitled to due process, including an immigration-judge review of the negative reasonable fear determination. Instead, the record shows that he is likely to be chain-refouled to Guatemala, the very country that an existing order prevents the government from sending him to directly. The government opposes relief by arguing that it did not know—or did not try to find out—whether Ajcac Guachiac's

(2) must not transfer, remove, facilitate, or take any action that, directly or indirectly, results in the removal of Ajcac Guachiac to Guatemala;

(3) must file, by 5:00 p.m. CT on March 3, 2026, a supplemental declaration from an individual with personal knowledge addressing: (1) the current physical location and custodial status of Ajcac Guachiac; (2) what steps, if any, respondents have taken to facilitate Ajcac Guachiac's prompt return to the United States; and (3) the additional steps respondents will take, and when, to facilitate his return. To the extent the respondents believe any portion of their submission must be filed under seal, they must comply with the Court's Local Rules governing the sealing of materials;

(4) must file a status update by 5:00 p.m. CT on each Monday, Wednesday, and Friday confirming what steps have been taken to facilitate Ajcac Guachiac's return to the United States. These must include declarations from individuals with personal knowledge of the steps taken or to be taken to facilitate Abraham Ajcac Guachiac's return;

(5) must provide Ajcac Guachiac with an immigration-judge review of the negative reasonable-fear determination;[2]

---

removal to Mexico would lead to chain refoulment to Guatemala. Yet chain refoulment is scheduled to occur (or has occurred) a mere weekend after Ajcac Guachiac's removal.

[2] Ajcac Guachiac moved for a temporary restraining order, arguing that he "is entitled to de novo review [of a negative reasonable fear determination] by an Immigration Judge pursuant to 8 C.F.R. § 208.31(g)." (Docket Entry No. 10 at 3). The respondents opposed the temporary restraining order on the grounds that they had "paused Petitioner's removal when he claimed fear of removal to Mexico," had "complied with the reasonable fear interview process," and had "allow[ed] Petitioner to fully pursue that process." (Docket Entry No. 11 at 1). This court denied the first motion for a temporary restraining order based on these representations. (*See* Docket Entry No. 12 at 1). The court required the respondents to provide updates on the "on the reasonable fear interview process, including immigration-judge review of the reasonable-fear determination." (*Id.*). Nonetheless, the respondents have removed Ajcac Guachiac to Mexico without affording him the opportunity to seek an immigration-judge review of the denial of his reasonable-fear

2

(6) must produce, in addition to the Third Country Screening Notice, (Docket Entry No. 14-1), any additional documents, transcripts, or recordings of the reasonable-fear determination, with a copy provided to Ajcac Guachiac and his counsel, by March 4, 2026.  If the Third County Screening Notice is the only available document or record related to the reasonable-fear determination, the respondents must provide an affidavit so affirming; and

(7) must provide this Temporary Restraining Order to all relevant officers, agents, and employees under their control and with responsibility in this matter.

This Temporary Restraining Order will remain in effect until March 16, 2026.

SIGNED on March 3, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

determination.  (Docket Entry Nos. 14, 14-1; *see* Docket Entry No. 15 at 4–5).  He, as already discussed, has been or will be removed to a country in which he faces a reasonable fear of persecution.