United States District Court
Southern District of Texas
**ENTERED**
March 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ABRAHAM AJCAC GUACHIAC, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-383 |
| | § | |
| PAM BONDI, in her capacity as U.S. Attorney | § | |
| General, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**PRELIMINARY INJUNCTION AND ORDER**

Abraham Ajcac Guachiac has moved for leave to supplement his petition for a writ of habeas corpus, (Docket Entry No. 40), and for a preliminary injunction, (Docket Entry No. 41). Ajcac Guachiac moved for a preliminary injunction because the March 3, 2026, Temporary Restraining Order expired on March 16, 2026. (Docket Entry No. 26). The court extended the Temporary Restraining Order to March 27, 2026. (Docket Entry No. 43). The respondents have responded to Ajcac Guachiac's motions. (Docket Entry Nos. 45, 46). Ajcac Guachiac's motion to supplement his petition for a writ of habeas corpus, (Docket Entry No. 40), is granted. His motion for a preliminary injunction, (Docket Entry No. 41), is granted in part.[1]

First, Ajcac Guachiac has leave to supplement his petition for a writ of habeas corpus. The respondents oppose the motion because the petition may need to be amended again, after Ajcac Guachiac's return and after ICE determines "how to proceed with Petitioner's immigration case." (Docket Entry No. 46 at 1). The respondents are correct that the petitioner may need to amend his

---

[1] The court does not need to hold a hearing before entering this preliminary injunction because it already held one before issuing the March 3, 2026, Temporary Restraining Order and because there are no material facts in dispute. *Samsonite Indus., Inc. v. Azar*, No. 4:19-CV-742, 2019 WL 13378103, at *2 (S.D. Tex. Nov. 15, 2019) (quoting *Esparza v. Bd. of Trustees*, 182 F.3d 915 at *2–3 (5th Cir. 1999)).

petition again as the case develops, but that is not a reason to deny leave to supplement now. The petitioner moved for leave to supplement his petition based on the respondents' previous arguments that the case was moot because the relief requested in the petition could not be awarded. (*See* Docket Entry No. 40 at 4; Docket Entry No. 33 at 4 n.2; Docket Entry No. 29 at 1, 8). The respondents repeat that mootness argument in their response to the motion for a preliminary injunction. (Docket Entry No. 45 at 4–5). The petitioner's supplement aligns his petition with the due-process claims the parties are currently litigating. Justice requires amendment. FED. R. CIV. P. 15(1)(2).

Second, the motion for a preliminary injunction is granted in part.[2] "The same factors govern an application for a temporary restraining order as govern a request for a preliminary injunction." *Hunt v. Bankers Tr. Co.*, 646 F. Supp. 59, 62 n.1 (N.D. Tex. 1986). The facts and the law have not changed since the last four times the court considered them and ruled in the petitioner's favor. (Docket Entry Nos. 16, 26, 33, 43).

The respondents make one new argument. The respondents argue that the second *D.V.D.* ruling forecloses individual due-process claims. (*See* Docket Entry No. 45 at 8). They focus on the fact that the Supreme Court stayed the district court's order attempting to enforce the since-stayed injunction as to eight class members. (*Id.* at 8–9 (citing *Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2627 (2025)). The respondents overread the Supreme Court's second order. The government challenged the district court's order "for civil contempt." *D.V.D.*, 145 S. Ct. at 2629. In ruling on the "remedial order," the Supreme Court emphasized only the unremarkable principle

---

[2] To the extent Ajcac Guachiac seeks relief in addition to what the Court already awarded in the Temporary Restraining Order, the court denies that part of his motion. The Temporary Restraining Order and this Preliminary Injunction are narrowly tailored to remedy his irreparable harm: a violation of his right immigration-judge review of his negative reasonable-fear determination and his unlawful chain refoulment to Guatemala.

that a federal court cannot hold a party in contempt based on an order that is not in effect. *See D.V.D.*, 145 S. Ct. at 2629 (A "remedial order cannot [] be used to enforce an injunction that our stay rendered unenforceable."). The Supreme Court did not rule on the merits of individual plaintiffs' due-process claims. The Court did not hold that the district court would have erred as a matter of law had it entered a new order that awarded due-process relief on an individual basis. Neither the first nor the second *D.V.D.* orders from the Supreme Court foreclose the relief that Ajcac Guachiac requests. (*See* Docket Entry No. 33 at 4–5).

*    *    *

The respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them:

(1) must facilitate the return of Ajcac Guachiac to the United States as soon as practicable, *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025); *see also Dcosta v. Warden of Immigr. Det. Facility*, No. 4:25-CV-06177, 2026 WL 74187, at \*5 (S.D. Tex. Jan. 9, 2026);

(2) must not transfer, remove, facilitate, or take any action that, directly or indirectly, results in the removal of Ajcac Guachiac to Guatemala;

(3) must file a status update by 5:00 p.m. CT on each Monday, Wednesday, and Friday confirming what steps have been taken to facilitate Ajcac Guachiac's return to the United States. These must include declarations from individuals with personal knowledge of the steps taken or to be taken to facilitate Abraham Ajcac Guachiac's return;

(4) must provide Ajcac Guachiac with an immigration-judge review of the negative reasonable-fear determination;

3

(5) to the extent they have not done so already, must produce, in addition to the Third Country Screening Notice, (Docket Entry No. 14-1), any additional documents, transcripts, or recordings of the reasonable-fear determination, with a copy provided to Ajcac Guachiac and his counsel.  If the Third County Screening Notice is the only available document or record related to the reasonable-fear determination, the respondents must provide an affidavit so affirming; and

(6) must provide this Preliminary Injunction to all relevant officers, agents, and employees under their control and with responsibility in this matter.

SIGNED on March 27, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge