**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ABRAHAM AJCAC GUACHIAC, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-383 |
| | § | |
| TODD BLANCHE, in her capacity as Acting | § | |
| U.S. Attorney General, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

The petitioner is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials within the Southern District of Texas. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenges the petitioner's continued detention. The petitioner argues that the immigration detention has now become unreasonably long, violating the Fifth Amendment's Due Process Clause. After a careful review of the petition, the parties' responses, the voluminous record in this interminable case, and the applicable law, *see Banegas Avila v. Frink*, No. CV H-26-916, 2026 WL 976144, at *3 (S.D. Tex. Apr. 10, 2026); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020), the court agrees.

The petitioner's detention is presumptively unreasonable. He has been in ICE custody for almost six months, and that was in addition to the time spent in unlawful chain refoulment.[1] His current detention is likely to continue for a substantial period because the respondents are

---

[1] Petitioner was in detention from August 16, 2018, until February 8, 2019; from October 21, 2025, until February 25, 2026; and April 16, 2026, until May 29, 2026. In addition, the petitioner was unlawfully chain refouled from the United States to Mexico to Guatemala from February 26, 2026, to April 15, 2026.

attempting to remove him to countries with which the petitioner seemingly has no ties.  The

petitioner has validly claimed a violation of the Fifth Amendment's Due Process Clause.  The

respondents must provide the petitioner with a bond hearing before an immigration judge at which

the government bears the burden of proving, by clear and convincing evidence, that the petitioner

presents a risk of flight or a danger to the community.  The respondents must provide this hearing

by **June 5, 2026**, or release the petitioner by that date.  The parties must file an update with the

court by **June 8, 2026**, informing the court of the result of the hearing and the petitioner's custody

status.  The respondents' motions are **denied** and the petition for a writ of habeas corpus is **granted**

**in part**.

SIGNED on May 29, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge