**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ABRAHAM AJCAC GUACHIAC, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-383 |
| | § | |
| TODD BLANCHE, in her capacity as Acting | § | |
| U.S. Attorney General, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

The petitioner, who is subject to a final order of removal, was previously detained by United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials within the Southern District of Texas. The court ordered the respondents to hold a bond hearing for the petitioner. (Docket Entry No. 80). The respondents did so, and the petitioner was released. (Docket Entry No. 81). But upon the petitioner's release, the respondents placed an electronic monitoring ankle bracelet on the petitioner, required him to enroll in and use the SmartLink mobile application, and required periodic in-person and telephonic reporting. (Docket Entry No. 86 ¶ 2). The petitioners now challenge these requirements. The court grants the second supplemental petition, (Docket Entry No. 86), in part.[1]

First, the respondents must remove the ankle monitor on the petitioner. The power to issue a writ of habeas corpus extends to those "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). Courts have consistently found that "use of a GPS ankle monitor

---

[1] The respondent argues that the claims in the first supplemental petition are moot. (*See* Docket Entry No. 87). The petitioner has not asserted the claims in the first supplemental petition—which concern third country removal to Mexico—are still live. The court denies the first supplemental petition, (Docket Entry No. 62), as moot.

constitutes custody for the purposes of habeas corpus and due process." *Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1258 (D. Colo. 2026) (collecting cases). When a habeas petition is properly within the court's jurisdiction, the court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. § 2243. Section 2243 vests courts "with the largest power to control and direct the form of judgment to be entered" in habeas cases. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (quoting *In re Bonner*, 151 U.S. 242, 261 (1894)). Because the United States has conceded that it has no plans to remove the petitioner, use of an ankle monitor is not "reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Continued custody is not warranted. *See, e.g.*, *Verdugo-Carrasco v. United States*, No. 2:25-CV-02374-CDS-EJY, 2026 WL 1006473, at *1 (D. Nev. Apr. 13, 2026) (ordering the respondents to remove the ankle monitor from an immigration detainee who was subject to a final order of removal and commenting that "indefinite ankle monitoring . . . carries a liberty implication").

Second, the respondents may require the petitioner to periodically report to immigration officials, whether electronically or in person. Under 8 U.S.C. § 1231(a)(3), if an "alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." The United States may require the alien:

> (A) to appear before an immigration officer periodically for identification;
>
> (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;
>
> (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and
>
> (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

2

*Id.* Periodic reporting through enrollment and use of the SmartLink mobile application or other electronic or physical means is appropriate under the statutory scheme.

In sum, the supplemental petition, (Docket Entry No. 86), is granted in part. The court orders the respondents to remove the ankle monitor from the petitioner no later than June 25, 2023. The respondents may not re-detain the petitioner without a showing that there has been a material change in circumstances, for example, showing that the petitioner's travel documents are ready, that a third country has agreed to accept the petitioner, and a showing that the petitioner has been provided notice of that third country and an opportunity to object to removal to that country.

Within **seven (7) days** of the date of this order, the parties are to **confer** and **file** a joint status report confirming that the ankle monitor has been removed and providing any update on whether the petitioner faces imminent removal and, if so, to what country.

SIGNED on June 22, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

3